GUEST *et al.*, Plaintiffs in Error, *vs.* FARLEY, Defendant in Error.

1. A deed of bargain and sale, for a valuable consideration, in trust for the use of the wife of the bargainor during life, and her heirs in fee simple, raises a use in the bargainee, and the second use is not executed by the *statute of uses*, even though the consideration may have moved from her to whom it was limited.

*Error to St. Louis Court of Common Pleas.*

*T. Polk*, for plaintiff in error. 1. The deed upon which this controversy arises was executed subsequent to the introduction of the common law and the British statutes anterior to the fourth year of the reign of James I. The statute of uses (27 Henry VIII) was therefore in force. It is well settled that the statute of uses only executed the first use, where a use was limited upon a use. The second use was left unexe-

cuted and was called a trust. 1 Cruise's Dig. Trusts, ch. 1, §4. 2. This was a deed of bargain and sale for a valuable consideration, which, by the statute of uses, raise a use in the bargainee. The statute of uses then has operated in this case by transmitting the title to the trustee, and the second use to the *cestui que trust* remains unexecuted. 3 Cruise's Dig. tit. 32, Deed, ch. 9, §2, 3, 4, 5, *et seq*. 3. Again, this deed conveys the land to a trustee for the separate use of a married woman for life, &c. In such case, the statute does not execute the use, even if it be raised by devise and not by deed. 1 Cruise's Dig. tit. 12, ch. 1, §15, 17, 19. 5 Mod. 63, 101. 1 Salk. 228.

*W. L. Williams*, for respondent. This is a deed of bargain and sale ; but it does not appear from its face that the money consideration was paid by the grantee. If the deed was for a *good* consideration only, the use was executed in the person who called it forth. The consideration here is " love and affection for the wife," and had it stopped there, the statute would have executed the use in the wife. But it has the further consideration of " $500 in hand paid." It does not say that it was paid by the grantee. Now the irresistible inference is, that it was paid by the wife. If so, the use was executed in her. Another view of the case is this. The object of this deed was evidently to secure the use of the property to the grantor's wife. The wife being dead, the objects of the trust have been met, and there is no further use of any trust estate. It therefore became extinct, and the trust and legal estates became united in the heirs of Mrs. Labross. 1 Barn. & Ald. 336. 2 Tucker's Comm. 43.

SCOTT, Judge, delivered the opinion of the court.

This was an action of ejectment, begun in 1848, by the plaintiffs in error, who were plaintiffs below, against the defendant, for a lot of ground in St. Louis. The plaintiffs submitted to a nonsuit and sued out this writ of error.

Francis Jourdan being the owner of the lot in dispute, on the 4th of March, 1818, conveyed it to Edward S. Gantt, by deed, a part of which is here copied : "This indenture made by and between Francis Jourdan, alias Labross, of the town of St. Louis and Territory of Missouri, of the one part, and Edward S. Gantt, of the other part, witnesseth : that the said Francis Jourdan Labross, for and in consideration of the love and affection he entertained for his dear wife, Sarah R. Labross, and for the further consideration of five hundred dollars to him in hand paid, the receipt whereof he doth hereby acknowledge, hath given, granted, bargained and sold, and by these presents doth give, grant, bargain and sell unto the said Edward S. Gantt, his heirs and assigns forever, the following lot," &c. This conveyance was in trust for the use of the above named Sarah R. Labross, during her natural life, and in trust for the heirs of the said Sarah, in fee simple.

Gantt, the trustee, had departed this life before the bringing of the suit, and the plaintiffs are his heirs at law.

1. It will be seen that the deed was executed after the introduction of the common law and British statutes. The statute of uses was not formally enacted in this state until the year 1825. It seems to be the established doctrine, that English statutes, passed prior to the fourth year of James I, and applicable to our situation, and in amendment of the law, constitute a part of the common law of this country. Under the influence of this principle, it has been held in several states, that the statute of uses, 27 Henry VIII, became a part of the common law of those states. We see no reason for departing from this rule, in the construction of our statute introducing the common law and English statutes. Indeed, the point was not controverted in the argument of the case.

This suit was brought before the enactment of the late code ; consequently it was proper to institute it in the name of those who held the legal title to the lot. In making this remark, we do not wish to be understood as expressing an opinion as

to the manner in which the suit should have been brought under the law now in force.

It was contended for the defendant that, as the deed was expressed to be made for love and affection of the wife, and for the further consideration of five hundred dollars, it may be presumed that, as part of the consideration was for love of the wife, that the $500 also was paid by her, it not appearing expressly by whom it was advanced; consequently that the use, under the statute, would be executed in the wife and not in Gantt, the trustee.

Without endorsing the correctness of the inference attempted to be drawn from the words of the deed, that the consideration money was advanced by the wife, and even admitting that it was paid by her, the received construction of the statute would not warrant the conclusion that a use was thereby raised in her. In a bargain and sale, the consideration of love and affection will not raise a use. No use arises without a valuable consideration. Lord Coke says : " A bargain and sale is a real contract upon a valuable consideration for passing lands by deed indented." 2 Inst. 672.

The statute only raises a use in the bargainee. Sanders says, " it is the consideration which directs the use to the bargainee, and the parties could not declare it to any other person, even if they were inclined to do so." Sanders, 313, 315. Afterwards, he says, " that there is no necessity that the bargainee himself should pay the consideration money, for if it is paid by a stranger, it will be sufficient to raise the use in the bargainee ; therefore, if a man, in consideration of a certain sum paid by B., bargains and sells his lands to A. for life, remainder to C., in fee, this is good, for, though A. and C. themselves did not pay the consideration, yet it is clear that it was paid upon their account, or if, in this case, the bargain and sale had been to B. for life, with many remainders over, the consideration might well extend to those in remainder." Ib. 341. 2 Inst. 672. 2 Rolle's abr. 784, pl. 6.

As there was a use raised in the bargainee, no use could be limited to arise out of the estate of the bargainee, for that would be to limit a use to arise upon a use. The statute only executes the first use. A use upon a use is no estate at law; it is only a trust, a creature of the courts of equity. Then, even if the consideration had passed from Mrs. Labross, yet it could not raise a use in her, which courts of law would recognize. It was no legal estate; it was a mere trust, a thing only dealt with by courts of chancery. Sanders, 315. 2 Dyer, Tyrrel's case, 151, (*a.*) 1 Leon. 147–8.

As to the view suggested, that the wife is dead, and there being no longer any use for a trust estate, it is extinct; it may be answered that such a consideration could only have weight when urged by a *cestui que trust*. The defendant is a stranger, and he has no right to insist on such a defence. With the concurrence of the other judges, the judgment is reversed and the cause remanded.